RECEIVED

AUG 3 0 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| TODD RAY LAFLEUR | CIVIL ACTION NO. 05-1487 |
| VERSUS | JUDGE DOHERTY |
| METROPOLITAN LIFE INS. CO.<br>CABOT CORP. | MAGISTRATE JUDGE METHVIN |

## ORDER EXTENDING ERISA CASE ORDER DEADLINES

On August 18, 2006, plaintiff Todd Ray Lafleur filed his response to the ERISA Case Order, wherein he stated that defendant Cabot Corporation has the discretion and authority to determine eligibility of employees for long-term benefits and that ERISA preempts all state law claims.[1] Mr. Lafleur does not address the issue of whether, in his estimation, the administrative record is complete, but he does notify all counsel that he has been receiving disability benefits from the Social Security Administration.

Subsequent to the filing of plaintiff's response, on or around August 23, 2006, the undersigned was notified by counsel for Cabot Corporation that it intends to supplement its response to the ERISA Case Order by filing a claims file that has heretofore not been made part of the administrative record in this case.

It is well-settled in the Fifth Circuit that "the administrative record consists of relevant information *made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it.*" Vega v. National Life Insurance Services, Inc., 188 F.3d 287, 299-300 (1999) (en banc) (emphasis added). Thus,

---

[1] Rec. Doc. 25.

until Cabot submits its claims file, the administrative record is not complete, and plaintiff cannot assess whether documents that are part of the administrative record are included in the record before the court. Considering the foregoing,

**IT IS HEREBY ORDERED** that Cabot shall file an amended response to the ERISA Case Order, as well as a copy of its claims file, *on or before September 6, 2006.*

**IT IS FURTHER ORDERED** that plaintiff shall amend his response to the ERISA Case Order regarding the issue of completeness of the administrative record *on or before September 15, 2006. If, after Cabot files its claims file, the plaintiff contends that the administrative record is incomplete in any way, plaintiff shall describe the alleged omitted documents and shall set forth the basis for his belief that said documents were part of the administrative record considered by the plan administrator. If plaintiff possesses said omitted documents, he shall file a copy of the alleged omitted documents as an attachment to his amended response. Counsel for the plaintiff is reminded that the court cannot undertake an assessment of whether the administrative record is complete without specific references to omitted documents.*

**IT IS HEREBY ORDERED** that the deadline for the filing of either a joint stipulation, dispositive motions, and/or statement of issues under Paragraph (5) of the ERISA Case Order is *EXTENDED to October 16, 2006.*

**IT IS FURTHER ORDERED** that the Clerk shall FAX a copy of this order to all counsel of record.

Signed at Lafayette, Louisiana on August 30, 2006.

*[signature]*

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT:
DATE: 8/30/06
BY: CW
TO: mem

Foret
Fusilier
Ladner
Lawrence
Louper
Roddy
Saltzman
} via fax